WILLIAMS et al. v. McGOWAN, Collector of Internal Revenue.

No. 1528.

District Court, W. D. New York.

Jan. 2, 1947.

Mandeville, Buck, Teeter & Harpending of Elmira, N. Y., for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (R. N. Kirchgraber, First Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for defendant.

KNIGHT, District Judge.

Aaron F. Williams, the original plaintiff, filed his 1940 U.S. Individual Income and Defense Tax Return showing a net income of $9,796.92 and paid a tax of $619.10. The Commissioner then found that the net income was $22,331.28 and the correct income tax liability was $3,734.40. Crediting the $619.10 already paid, left a deficiency of $3,115.30, which this plaintiff paid to defendant on December 7, 1942, with $322.95 interest.

Plaintiff then sued defendant to collect $3,107.76 plus $322.17—total $3,429.93—which he claimed was wrongfully and improperly exacted and collected.

In his return, plaintiff had deducted $17,287.99 determined by him to be the net loss sustained from the sale of the A. F. Williams Hardware business on September 17, 1940, and $700 attorney fees paid in 1940 for obtaining a refund for losses sustained in 1936 on certain gas rights and lease holdings. The Commissioner disallowed both deductions.

This court dismissed the complaint, holding that the property sold by plaintiff was capital assets under the Internal Revenue Code and that he was not entitled to deduct the attorney fees. D.C., 58 F.Supp. 692. The Circuit Court by a divided Court reversed the judgment in both respects. 2 Cir., 152 F.2d 570. It allowed the $700 attorney fees (152 F.2d at page 571) and then said:

"Upon this sale Williams suffered a loss upon his original two-thirds of the business, but he made a small gain upon the one-third which he had bought from Reynolds' executrix; and in his income tax return he entered both as items of 'ordinary income,' and not as transactions in 'capital assets.' This the Commissioner disallowed and recomputed the tax accordingly; Williams paid the deficiency and sued to recover it in this action. The only question is whether the business was 'capital assets' under § 117(a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 117(a) (1). * * *

"Congress plainly did mean to comminute the elements of a business; plainly it did not regard the whole as 'capital assets.' * * * There can of course be no gain or loss in the transfer of cash; and, although Williams does appear to have made a gain of $1072.71 upon the 'receivables,'

the point has not been argued that they are not subject to a depreciation allowance. That we leave open for decision by the district court, if the parties cannot agree. The gain or loss upon every other item should be computed as an item in ordinary income."

The original plaintiff died and his two executors were substituted. They now claim, under the Circuit Court decision, the same amount the original plaintiff claimed, to wit, a refund of $3,429.93, with interest from December 7, 1942. Defendant's answer contains this proposed conclusion of law: "5. Judgment may be entered for the plaintiff against the defendant for $2,294.76 with interest from December 7, 1942, and costs."

Plaintiffs base their claim on the following computation:

| | | |
|---|---|---|
| Net income per Notice of Deficiency....... | | $22,331.28 |
| Less: Additional loss on sale to be reflected .............. | $11,734.37 | |
| Attorneys' fees allowed.. | 700.00 | 12,434.37 |
| Net taxable income (corrected)............ | | $ 9,896.91 |
| Less personal exemption ................... | | 800.00 |
| Surtax net income ........................... | | $ 9,096.91 |
| Less Earned Income Credit: | | |
| Salaries ........................... | $7,839.33 | |
| Partnership · | | |
| Period ending 1/31/40.. | $4,678.09 | |
| Partnership 2/1/40. to 7/18/40 ................ | 1,745.64 | |
| 20% of ............ $6,423.73 | 1,284.75 | |
| 10% of 9,124.03.. | 912.41 | |
| Normal Tax Income ......................... | | $ 8,184.50 |
| Normal Tax—4% of $8,184.50................. | | $ 327.38 |
| Surtax on $9,096.91 at 1940 Rates | | |
| $4,000.00 @ 0%.............. $ 00.00 | | |
| 2,000.00 @ 4%.............. 80.00 | | |
| 2,000.00 @ 6%.............. 120.00 | | |
| 1,096.91 @ 8%.............. 87.75 | | |
| $9,096.91 .....................$287.75........ | | 287.75 |
| | | $ 615.13 |
| Defense Tax (10% of $615.13)................ | | 61.51 |
| | | $ 676.64 |
| Less: Income Tax Paid Foreign Countries | | 50.00 |
| Total Tax Liability ......................... | | $ 626.64 |
| Previously assessed: | | |
| Original Assessment ...... $ 619.10 | | |
| Additional Assessment..... 3,115.30 | | 3,734.40 |
| Overassessment ............................. | | $ 3,107.76 |
| Interest liability...... ..... $ .78 | | |
| Interest assessed ........... 322.95 | | 322.17 |
| Total Overassessment of Tax and Interest | | $ 3,429.93 |

Defendant's recomputation shows a "total over-assessment of tax and interest" in the sum of $2,159.64. This recomputation is calculated as follows:

| | | |
|---|---|---|
| Net income—statutory notice of deficiency ......................................... | | $22,331.28 |
| Deduct: Additional loss on sale of business—as determined by counsel .........................., | $17,287.99 | |
| Less: Amount allowed in notice of deficiency ..................... | 11,888.84 | |
| Net .............................. | $ 5,399.15 | |
| Attorney's fees ................... | 700.00 | 6,099.15 |
| Net ....................................... | | $16,232.13 |
| Add: Short term gain realized on accounts receivable not previously included in income ................................. | | 357.57 |
| Net income adjusted ........................ | | $16,589.70 |
| Less: Personal exemption ................... | | 800.00 |
| Income subject to surtax.................... | | $15,789.70 |
| Less: Earned income credit................ | | 960.75 |
| Income subject to normal tax.............. | | $14,828.95 |
| Normal tax at 4% on $14,828.95............. | | $ 593.16 |
| Surtax on $15,789.00........................ | | 1,068.30 |
| Total tax ................................ | | $ 1,661.46 |
| Less: Income paid to a foreign country.. | | 50.00 |
| Partial tax .............................. | | $ 1,611.46 |
| Plus: Defense tax (10% of $1,661.46)....... | | 166.15 |
| Total tax liability ........................... | | $ 1,777.61 |
| Tax previously assessed: | | |
| Original .............. $ 619.10 | | |
| Additional ............ 3,115.30.............. | | 3,734.40 |
| Overassessment ........................... | | $ 1,956.79 |
| Interest liability...... $ 120.10 | | |
| Interest assessed .... 322.95.............. | | 202.85 |
| Total overassessment of tax and interest.. | | $ 2,159.64 |

Both computations start with $22,331.28 and then make certain deductions. Both agree in deducting $700 for attorney fees allowed by the Circuit Court. 2 Cir., 152 F.2d 570, 571. They differ on the item of additional loss. Plaintiffs claim $11,734, while defendant allows only $5,399.15.

Plaintiffs arrive at the $11,734.37 item by the following computation:

| | |
|---|---|
| Loss ...................... | $23,777.69 |
| 50% allowed as a capital loss | 11,888.84 |
| | $11,888.85 |
| Less short term capital loss shown on original return.... | 154.48 |
| Additional loss ................ | $11,734.37 |

Defendant arrives at the $5,399.15 item by the following computation:

Additional loss on sale of business as determined by counsel $17,287.99
Less amount allowed in notice of deficiency ............... 11,888.84
—————
Net .......................... $ 5,399.15

This court found: "16. The taxpayer sustained a net loss of $23,777.69 on the sale of his original two-thirds interest in the A. F. Williams Hardware business." Plaintiffs argue that this finding must stand because it was not reversed by the Circuit Court. They say: "The Circuit Court did not reverse the Findings of the District Court as to the amount of the entire loss sustained by the sale. It merely reversed the conclusions of law which treated the results of this sale as a loss or gain on the sale of capital assets."

Defendant urges that said loss was computed for February 1, 1940, whereas September 28, 1940, is the controlling date. He says: "At the first trial the defendant objected to the consideration of what was transferred on September 28, 1940, on the ground that February 1 was the controlling date, and therefore what was transferred on September 28 was immaterial. However, under the mandate, September 28, 1940, is the controlling date and therefore the gain or loss must be determined by what was transferred on that date."

Defendant says: "Under the stipulation of facts * * * the taxpayer sold the inventory at an estimated liquidation value, which was 40% less than the cost of the inventory. Therefore, the loss sustained on the inventory transferred on September 28, 1940, at a liquidation value of $39,062.36 was 40% less than the cost. The cost value, therefore, of the entire inventory transferred on September 28, 1940, was $65,103.93, and the loss sustained was $65,103.93 minus $39,062.36 or $26,041.57, on the entire inventory. But the taxpayer made a gain on the purchase and sale of Reynolds' one-third interest. His loss, therefore, was only on a two-thirds interest, or ⅔ of $26,041.57, which resulted in a loss on the inventory of $17,361.05."

Defendant's recomputation fixed this loss at $17,003.48.

The original plaintiff Williams computed and entered it as $17,287.99.

The Circuit Court gave no specific "mandate." After mentioning a gain of $1072.71, it said: "The gain or loss upon every other item should be computed as an item in ordinary income." 152 F.2d at page 573. The court said that Williams entered his loss upon the sale of two-thirds of his business and his gain upon the purchase of one-third of the business from Reynolds' executrix "as items of 'ordinary income'." 152 F.2d at page 571.

As to the $1072.71 item mentioned by the Circuit Court, plaintiffs concede that Williams made a gain of one-third of this amount. If this is considered a short time capital gain, it would increase the amount of the claimed overassessment. So this may be disregarded and the plaintiffs so concede.

It is apparent that the difference in the computations of the amount of judgment to which plaintiffs are entitled, as made by plaintiffs and defendant, arises in determining the amount of loss reflected in the Notice of Deficiency. The original determination of the taxpayer's loss as made by the Commissioner, and later found by this Court, was $23,777.69. It is believed that this finding is correct and that this is not, as claimed by defendant, based on the sale of the business as of February 1, 1940, but as of the date of the sale to the Corning Company. The Commissioner found that as of February 1, 1940, Williams' two-thirds interest had a cost of $64,616.01, and on that basis of cost the loss to him on the sale of that two-thirds interest was $18,834.60. But certain profits were earned subsequent to January 31, 1940, and were not taken out. As computed by the Commissioner and included in the taxable income, such partnership profits were $1,745.64 and business profits $2,417.04. Further, Williams, subsequent to the last-mentioned date, restored $1,555.38 which had been withdrawn by him from the business. The total sale price as stated was $69,834.60 and that sum included the three items just mentioned. These items

were elements of cost of the property sold and the inclusion of them in such cost made the loss resulting from the sale of the property $23,777.69, rather than $18,059.-61. Had this loss been a long term capital loss, the taxpayer would have been entitled to a deduction of $11,888.84.

■ The Circuit Court did not attempt to compute the amount of the excess taxes paid by the original taxpayer. It did not say his computation was incorrect. It is believed that the original estimate of loss as reported by Williams and claimed in the application for a refund is correct. It is believed that the computation of the overassessment showing the amount of the claimed refund as hereinbefore set forth in this opinion is correct. It follows that the plaintiffs are entitled to judgment herein in the amount of $3,429.93, with interest from December 7, 1942.

Findings to accord herewith are being submitted by the Court.

## Findings of Fact.

1–12. The matters recited in the written Stipulation filed with the Court are found as facts and each paragraph of the Stipulation shall constitute a Finding of Fact bearing the same number.

13, 14. The matters stipulated at the pretrial conference before this Court on October 2, 1944, are found as facts, viz:

13. The Plaintiff, on September 28, 1940, was and had since July 18, 1940, been engaged in the hardware business as a sole proprietor.

14. The assets sold by the plaintiff to The Corning Building Company, Inc. pursuant to the contract of September 17, 1940, were of the same general character as shown by Schedule "A" of said contract, namely, cash, accounts and bills receivable, fixtures and merchandise inventory.

15. The Plaintiff's portion of partnership net profits for the period February 1, 1940, to July 18, 1940, was $1,745.64.

16. The Plaintiff's net profit from his hardware business during the time that he operated the same as a sole proprietor for the period July 18, 1940, to September 28, 1940, (excluding the transaction with The Corning Building Company, Inc.) was $2,417.04.

17. The Plaintiff, during the time that he operated his hardware business as a sole proprietor for the period July 18, 1940, to September 28, 1940, (including the transaction with The Corning Building Company, Inc., but excluding a profit of $2,-417.04 as set forth in Finding No. 16) sustained a loss of $21,450.67.

18. The plaintiff is entitled to recover $700.00, attorney's fees, as necessary business expense.

## Conclusions of Law

1. The partnership existing between the plaintiff and Jacob O. Reynolds was dissolved by the death of Jacob O. Reynolds on July 18, 1940, and the partnership ceased to exist as of that date.

2. The property and assets sold by the Plaintiff to The Corning Building Company, Inc. as of September 28, 1940, pursuant to the Agreement of September 17, 1940, was not a partnership interest and the individual items so sold were not partnership property, but were the sole property of the Plaintiff.

3. The Plaintiff did not own or possess any interest in a partnership, nor did any partnership exist which was capable of being sold by the Plaintiff pursuant to the Agreement of September 17, 1940, with The Corning Building Company, Inc.

■ 4. The property and assets sold by the Plaintiff to The Corning Building Company, Inc. by Agreement of September 17, 1940, and on which the Plaintiff sustained a loss, were not capital assets as defined by Section 117(a) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 117(a) (1).

5. The loss sustained by the Plaintiff on the sale of the property and assets owned by him as an individual to The Corning Building Company, Inc. pursuant to the Agreement of September 17, 1940, constituted an allowable deduction in computing net income under Section 23(e) (1) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(e) (1).

6. The Plaintiff shall have judgment against the defendant for the sum of $3,-

429.93 with interest thereon from December 7, 1942. Judgment may be entered accordingly, with costs to the Plaintiff.